**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TONY SAMPLE, et al.,                      )
                                          )
                  Plaintiffs,             )
                                          )
            v.                            )      C.A. No. 25-1516-GBW-LDH
                                          )
OAK VIEW GROUP, LLC, et al.,              )
                                          )
                  Defendants.             )

**<u>REPORT AND RECOMMENDATION</u>**

*Pro se* Plaintiffs Tony Sample, Aubrey Blaine, and Chrisopher Ellington, of Delaware,

filed a Complaint. (D.I. 3; *see also* D.I. 6). Each has been granted leave to proceed *in forma

pauperis*. (D.I. 8). At the initial screening stage, the Complaint was dismissed for failure to state

a claim but Plaintiffs were granted leave to amend. (D.I. 9). Plaintiffs filed an Amended

Complaint on March 27, 2026. (D.I.11). The Court now proceeds to review and screen the

Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

The Amended Complaint is confusing. It appears that all Plaintiffs were all employed in

Sussex County, Delaware, at Heritage Shores Resort. (D.I. 11 at 1). Plaintiff Sample is a "Black

employee, 4 pretextual suspensions," who was terminated on September 20, 2025. (*Id.*) Plaintiff

Ellington is a "Disabled combat veteran" who was terminated on July 1, 2025. (*Id.*) Plaintiff

Aubrey Baine was a full-time "Summer 2024 hire, retaliated against post-Ellington termination."

(*Id.*).

Plaintiffs assert racial discrimination, hostile environment, retaliation, disability

discrimination, civil rights claims, and state law claims for conduct occurring at their workplace.

Plaintiffs name defendant Oak View Group, LLC. ("OVG") as the "employer implementing discrimination scheme at Heritage Shores Resort," (*Id.* at 1), Langsner as the "General Manager declaring racial purge," Gardner as the "KemperSports accomplice condoning toxic environment," Boris as the "Regional Manager overseeing retaliation," Jones as "Sample's direct discriminator," and Brenner as the "Service fraud engineer in related state proceedings." (*Id.* at 2). Plaintiffs contend that a "racial purge" was declared in January 2025 by Langsner to Plaintiffs Ellington and Gardner, with Langsner stating, "I wish to fire all the niggers of this place, they're all related," with slurs thereafter becoming normalized in the kitchen and staff areas. (*Id*. at 2). Plaintiff Sample received four pretextual suspensions in 2025 and demotion from full to part time. (*Id*. at 2). Following Ellington's termination on July 1, 225, Plaintiff Baine was demoted to part time status for reporting racial discrimination. (*Id.* at 2).

The Amended Complaint also discusses other problems with Plaintiffs' workplace. Defendant "Gardner condones [defendant] Langsner's blatant tobacco smoking" and Langsner blows smoke in Plaintiff's Baine's face and direction. (*Id.* at 3). Plaintiff Ellington was forced to work in a dual role as executive chef and event leader despite his PTSD and hearing loss. (*Id.* at 3). The Amended Complaint further makes reference to unspecified episodes of retaliation by defendants against Plaintiffs as well as asserting "service fraud" and "exhaustion – iron clad." (*Id.* at 2-3).

While not entirely clear from the face of the Amended Complaint, Defendant Joseph Brenner is apparently an attorney who represents Langsner and Gardner in a Delaware Superior Court proceeding. (*Id.* at 2; *see also* D.I. 9 at 4).

For all claims, Plaintiffs seek compensatory damages, punitive damages, liquidated damages, back pay, front pay, and injunctive relief to reinstate Plaintiff Sample. (D.I. 11 at 5).

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## III.   DISCUSSION

Liberally construed, Plaintiffs bring their employment action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1981, contending that their employer discriminated against them based on race, disability, and in retaliation for reporting unlawful conduct.  The Amended Complaint fails to state a claim.  For the reasons stated below, it is recommended that Plaintiffs be permitted a final opportunity to amend their Title VII and ADA claims against their employer, Oak View Group LLC. It is further recommended that Plaintiffs be permitted to amend their § 1981 claim against defendant OVG, Langsner, Gardner, Boris and Jones.  It is recommended that all other claims and defendants be dismissed with prejudice.

### A.  Exhaustion

To state a claim of employment discrimination under Title VII or the ADA, each Plaintiff must exhaust administrative remedies before a suit may be filed.  *Churchill v. Star Enters., Inc.*, 183 F.3d 184, 190 (3d Cir. 1999) (holding that a plaintiff alleging ADA employment

discrimination must follow the administrative procedures set forth in Title VII); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001) (discussing Title VII exhaustion). Thus, each Plaintiff in this case must file a timely charge with the EEOC or relevant state agency, in this case the DDOL. *See Stanford v. Hayward*, No. CIV. A. 09-869 (NLH), 2010 WL 255662, at \*2 (D. Del. Jan. 15, 2010). If the EEOC dismisses the charge, it will notify the plaintiff of the dismissal and of his/her right to bring a civil action. The receipt of a right-to-sue letter indicates that a plaintiff has exhausted administrative remedies which is an "essential element for bringing a claim in [federal] court under Title VII." *Burgh*, 251 F.3d at 470 (3d Cir. 2001) *citing Anjelino v. New York Times*, 200 F.3d 73, 93 (3d Cir. 1999); *see also Fort Bend County v. Davis*, 587 U.S. 541, 552 (2019) (explaining that Title VII's administrative exhaustion requirement is "mandatory without being jurisdictional").

Plaintiffs fail to allege that each has exhausted their respective administrative remedies prior to filing this lawsuit. The Amended Complaint refers to "EEOC demands," "discrimination reports," and "Exhaustion," but it is not clear what any of this means. (D.I. 11 at 3). For example, in Section VI of the Amended Complaint, titled "Terminations + EEOC Demands," Plaintiffs state "Ellington terminated after pre/post-complaints with employer." (*Id.* at 3). And "Ellington monthly EEOC demands (7th each month)." (*Id.*). With respect to Section VIII, Plaintiffs cite to the rule about 300-day compliance, to constructive exhaustion, and to a case allegedly dealing with "non-jurisdictional." (*Id.*). But nowhere do Plaintiffs allege what is necessary: that they each filed a charge of discrimination with the EEOC. Plaintiffs further do not allege that the relevant agency issued each of them a right to sue letter. Nor has any Plaintiff provided a copy of either document. Based on what is pled in the Amended Complaint, the Court cannot reasonably infer

that Plaintiffs have exhausted their administrative remedies as required under Title VII and the ADA.

It is recommended that Plaintiffs be given leave to file a Second Amended Complaint detailing each EEOC charge and attach thereto a full and complete copy of the EEOC right-to-sue letter(s). *See e.g. Stanford v. Hayward*, C.A. No. 09-869-NLH-KW, 2010 WL 255662, at *3 (D. Del. Jan. 15, 2010) (dismissing Title VII complaint with leave to file amended complaint attaching right-to-sue letter). Failure to do so will result in all Title VII and ADA being dismissed with prejudice, and any state law claims being dismissed without prejudice for lack of subject matter jurisdiction.

## B. Individual Defendants

The Amended Complaint alleges employment discrimination against several individuals. Title VII and ADA claims, however, cannot be brought against individual defendants. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077–78 (3d Cir. 1996) (en banc) ("Congress did not intend to hold individual employees liable under Title VII."); *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) ("there appears to be no individual liability for damages under Title I of the ADA"); *see also Emerson v. Thiel Coll*, 296 F.3d 184, 189 (3d Cir. 2002) (determining that liability does not exist under Titles I and II of the ADA for individual employees, as the ADA prohibits discrimination by employers and public entities). Therefore, Plaintiffs' employment discrimination claims against the individual defendants fail as a matter of law and they should be dismissed with prejudice.

## C. Claims Under 42 U.S.C. § 1981

Plaintiffs also attempt to assert claims under 42 U.S.C. § 1981. Section 1981(a) states: "All persons within the jurisdiction of the United States shall have the same right in every State

and Territory to make and enforce contracts . . . as is enjoyed by white citizens." To make a prima facie showing under § 1981, a plaintiff must show that: (1) plaintiff is a member of a racial minority and (2) plaintiff was discriminated against in making and enforcing contracts, suing, being parties, giving evidence, to the full and equal benefit of all laws and proceedings for the security of persons and property. *See* 42 U.S.C. § 1981; *Brown v. Philip Morris, Inc*, 250 F.3d 789, 797 (3d Cir. 2001). While the Amended Complaint states that Plaintiff Sample is a "Black employee," it does not state race of the other Plaintiffs. In addition, Plaintiffs do not plausibly allege that the defendants interfered with their contractual rights, nor impeded them from accessing the courts to adjudicate a dispute about binding obligations. The Court recommends that Plaintiffs' § 1981 claims be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). It is recommended that Plaintiffs be given leave to file a Second Amended Complaint to attempt to cure these deficiencies. Failure to do so will result in the § 1981 claim being dismissed with prejudice, and any state law claims being dismissed without prejudice for lack of subject matter jurisdiction.

### D. Defendant Joseph Brenner

Defendant Joseph Brenner is described in the Amended Complaint as a "[s]ervice fraud engineer in related state proceedings." As previously acknowledged in the Court's screening order, Brenner is apparently an attorney who represents Langsner and Gardner in a Delaware Superior Court proceeding. (D.I. 9 at 4). Despite an opportunity to amend and plead a claim against Brenner, the Amended Complaint pleads no facts involving defendant Brenner at all, and simply states "service fraud" and "abuse of process." (D.I. 11 at 5). The court need not credit mere labels and conclusions. *See Iqbal*, 556 U.S. at 678. Plaintiffs were previously given leave to amend with instructions on how to cure their deficiencies in pleading (D.I. 9), but Plaintiffs'

Amended Complaint still fails to state a claim against this defendant.  Dismissal as to defendant Brenner should be with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, I recommend dismissing Defendant Joseph Brenner with prejudice.  I further recommend dismissing the Title VII and ADA claims against Kyle Langsner, Peter Gardner, Mike Boris, Kate Jones and Joseph Brenner with prejudice.  I further recommend dismissing the Amended Complaint against Defendant Oak View Group LLC, and the Section 1981 claims without prejudice.  I recommend Plaintiffs be permitted a final opportunity file an amended complaint curing the deficiencies described here:  stating their Title VII and ADA claims against their employer, Oak View Group LLC; describing each EEOC charge and attaching thereto a full and complete copy of the EEOC right-to-sue letter(s); and stating their Section 1981 claim.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: July 8, 2026

_____
Laura D. Hatcher
United States Magistrate Judge